IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DORIS ANDRUS-MAXWELL,

        Plaintiff,

v.                                                            Civ. No. 22-cv-0009 JHR/KK

LEEROSS BENAVIDEZ,

        Defendant.

## MEMORANDUM OPINION AND ORDER
## GRANTING PLAINTIFF'S MOTION TO REMAND

THIS MATTER comes before the Court on Plaintiff Doris Andrus-Maxwell's Motion to Remand [Doc. 5], filed February 4, 2022. Pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73(b), the parties have consented to the undersigned Magistrate Judge to conduct dispositive proceedings in this matter, including entering final judgment. [Doc. 10]. Having thoroughly reviewed the parties' submissions and the applicable law, the Court grants the Motion.

    **I.**        **BACKGROUND**

This matter arises from a lien on the real property located at 1434 Tierra Verde SW, Albuquerque, New Mexico. [Doc. 1, pp. 7-8]. Andrus-Maxwell commenced this case in New Mexico's Second Judicial District Court on November 4, 2021. [*Id.*, pp. 7-11]. Defendant Leeross Benavidez removed this case to federal court on January 5, 2022, asserting only diversity jurisdiction. [*Id.*, pp. 1-2]. In the notice of removal, Benavidez says he "is a resident of Bernalillo County, and is a citizen of New Mexico." [*Id.*, p. 2].

Maxwell filed this motion to remand on February 4, 2022, contending that Benavidez is barred from removal as a forum defendant. [Doc. 5, p. 2]. Maxwell argues that the forum-defendant rule applies because Benavidez admitted he is a New Mexico citizen and this case is removed

1

solely based on diversity. [*Id.*, pp. 3-4]. Maxwell also seeks attorney's fees and costs because she contends that the forum-defendant rule applies unambiguously and Benavidez lacked an objectively reasonable basis for seeking removal. [*Id.*, pp. 4-5]. Benavidez did not respond and the time to do so has passed. *See* D.N.M.LR-Civ. 7.4(a). Maxwell filed a notice of completion of briefing on February 24, 2022. [Doc. 11].

## II.   ANALYSIS

First, "[t]he failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M.LR-Civ. 7.1(b). Benavidez did not respond and the time to do so has passed. However, the Court cannot grant this Motion pursuant to the Court's Local Rules because the Tenth Circuit requires the Court to independently evaluate dispositive motions regardless of the failure to respond. *See Issa v. Comp USA*, 354 F.3d 1174, 1177 (10th Cir. 2003) ("[W]e conclude that a district court may not grant a motion to dismiss . . . merely because a party failed to file a response . . . Consequently, even if a plaintiff does not file a response to a motion to dismiss . . . the district court must still examine the allegations in the plaintiff's complaint[.]") (quoted authority and internal alterations omitted).

### a.   The Forum-Defendant Rule

Maxwell argues that Benavidez cannot remove this case to the federal court based on diversity because he is a New Mexico citizen. [Doc. 5, pp. 3-4].

Section 1441(b) provides that when removal is based solely on diversity jurisdiction, the action "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2); *see also Lincoln Property Co. v. Roche*, 546 U.S. 81, 90 (2005) ("An in-state plaintiff may invoke diversity jurisdiction, but § 1441(b) bars removal on the basis of diversity if any 'part[y] in interest

properly joined and served as [a] defendan[t] is a citizen of the State in which [the] action is brought.'") (alterations in original).

This case was removed from a New Mexico state court to the U.S. District Court for the District of New Mexico solely based on diversity. [*See generally* Doc. 1]. Benavidez is a New Mexico citizen and the sole defendant in the case. [*Id.*, pp. 1-2]. There is no evidence that Benavidez was not properly joined and served. The forum-defendant rule applies, and the Court grants the motion to remand.

### b. Attorney's Fees and Costs

Maxwell also seeks attorney's fees and costs because she contends that Benavidez lacked an objectively reasonable basis for seeking removal. [Doc. 5, pp. 4-5].

Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "[T]he standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fee under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005); *see e.g. Doe ex rel. Hughes v. Martinez*, 674 F. Supp. 2d 1282, 1284 (D.N.M. 2009) (the court granted attorney's fees considering an attorney's "blatantly improper removal to this Court and [] insistence that removal to this Court was somehow proper after noble attempts by [opposing counsel] to demonstrate [] just how legally unsound and untenable [] removal was . . .").

The forum-defendant rule is clear and promulgated in a federal statute. *See* 28 U.S.C. § 144(b)(2). Benavidez is the sole Defendant and admitted that he is a citizen of New Mexico. [Doc. 1, pp. 1-2]. There is no ambiguity in the facts. Benavidez also did not respond to the Motion,

forgoing a chance to explain why removal was proper or at least objectively reasonable. The forum-defendant rule clearly applies, and Benavidez lacked an objectively reasonable basis for seeking removal. The Court, therefore, grants Maxwell's request for reasonable attorney's fees and costs.

### III.     CONCLUSION

For the above reasons, the Court **grants** Maxwell's motion to remand, and **remands** this case to New Mexico's Second Judicial District Court.

The Court also **grants** Maxwell's request for reasonable attorney's fees and costs. It is **therefore ordered** that, within 14 days of the entry of this Order, Maxwell shall file an affidavit in support of the request for attorney's fees and costs including the requested amounts and attorney time sheets or such other records in support of the requested award. Benavidez, within 14 days of the filing of the affidavit, may file his response objecting to the reasonableness of the requested attorney's fees and costs.

**SO ORDERED.**

_____
JERRY H. RITTER
UNITED STATES MAGISTRATE JUDGE
*Presiding by Consent*